IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MONTIE L. RUSSEL,

                                                                                ORDER

                      Petitioner,

                                                                                 07-C-502--C

   v.

WARDEN RICARDO MARTINEZ,
Federal Correctional Institution,
Oxford, Wisconsin,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Montie L. Russel has filed a pleading in this court seeking habeas corpus relief under 28 U.S.C. § 2241. He is an inmate at the Federal Correctional Institution in Oxford, Wisconsin, serving a sentence imposed by the District Court for the Northern District of Illinois. In his petition, petitioner contends that he is in custody in violation of the laws and Constitution of the United States because his conviction and sentence are invalid. Although petitioner has paid the $5.00 filing fee, his petition must be dismissed at the outset for lack of jurisdiction.

      As noted above, petitioner has presented his claims in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, but he has given no reason why his claim should not

be construed as a motion brought under 28 U.S.C. § 2255. It is not simply a matter of preference: § 2255 is the only avenue available to him for attacking his federal conviction and sentence. See Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Because petitioner is challenging the validity of his conviction in the Northern District of Illinois, his claims must be presented in a § 2255 motion directed to the court that imposed his sentence. There is a narrow safety valve that permits federal sentences to be attacked collaterally under § 2241 when a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998). However, petitioner submits nothing in his petition or supporting papers suggesting that his challenge fits within the exception. His failure to succeed on a § 2255 motion in the court that imposed his sentence does not give him the right to proceed under § 2241 in this court. Id. Section 2255 is not considered an inadequate or ineffective vehicle for challenging the legality of petitioner's detention just because a motion under that statute might fail.

ORDER

IT IS ORDERED that Montie L. Russel's petition for a writ of habeas corpus brought

pursuant to 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction.

Entered this 2d day of October, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3